# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ABUBAKAR AHMED, | ) CASE NO. 1:17 CV 2555 |
| Plaintiff, | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) Magistrate William H. Baughman, Jr. |
| OHIO STATE HIGHWAY | ) |
| PATROL, *et al.*, | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (Docket #35). On December 7, 2017, Plaintiff Abubakar Ahmed filed his Complaint (Docket #1) based upon the violation of his civil rights pursuant to the Civil Rights Act of 1964 (42 U.S.C. §§2000-e5, 2000-e6), 42 U.S.C §§ 1981, 1983, 1985, and 1986. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). Pursuant to Local Rule 72.2(b), this case was referred to Magistrate William H. Baughman, Jr.

On August 28, 2019, the Magistrate Judge issued his Report and Recommendation. The Magistrate Judge recommended that the Plaintiff's *pro se* action be dismissed with prejudice. Objections to the Report and Recommendation were filed within 14 days of service. Defendants timely filed their objections to the Magistrate Judge's Report and Recommendation. (Docket #37).

## Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether a party filed an objection to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. Regarding subsection (b) of 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy that there is no clear error on the face of the record to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Conclusion

This Court has reviewed *de novo* the portions of the Magistrate Judge's Report and Recommendation to which objections have been made. After careful review of the record, this Court finds that Magistrate William H. Baughman, Jr. intended to include the word "not" when he stated that the Commission and the Highway Patrol are "persons subject to suit under Section 1983." (Docket #35 at 7). This Court supports the finding on the grounds that the Magistrate's heading of that section stated that "Defendants Highway Patrol, Turnpike Commission, a Highway Patrol dog and troopers in an official capacity may *not* be sued under 42 U.S.C. §1983." (emphasis added) (Docket #35 at 7). This interpretation is consistent with the Magistrate's citation to the Unites States Supreme Court case *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that neither state nor its officials acting in their official capacities are persons under Section 1983). As such, the Report and Recommendation of Magistrate Judge William H. Baughman Jr. is hereby ADOPTED subject to the aforementioned correction to the sentence on page 7 for clarity that the Commission and the Highway Patrol are not persons subject to suit under Section 1983. Thus, the Plaintiff's complaint is hereby DISMISSED in its entirety with PREJUDICE.

    IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 16, 2019